NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LEWIS JOHNSON,                                )
a/k/a LEWIS EDWARD JOHNSON, JR.,   )
                                                         )
      Appellant,                            )
                                                         )
v.                                                        )    Case No. 2D17-3122
                                                         )
STATE OF FLORIDA,                          )
                                                         )
      Appellee.                              )
_____)

Opinion filed May 2, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for Polk
County; William D. Sites, Judge.

Ita M. Neymotin, Regional Counsel, Second
District, and Byron P. Hileman, Assistant
Regional Counsel, Office of Criminal
Conflict and Civil Regional Counsel,
Bartow, for Appellant.


VILLANTI, Judge.


      Lewis Johnson appeals the order denying his motion to correct illegal

sentence filed under Florida Rule of Criminal Procedure 3.800(a).  We must reverse.

      In 1979, Johnson, a juvenile at the time of his crime, was sentenced under

section 39.111(6), Florida Statutes (1978), which required the sentencing court to make

a "suitability determination" regarding the imposition of adult sanctions but which did not require consideration of the individualized factors now required by Miller v. Alabama, 567 U.S. 460 (2012).  Because this earlier statute did not afford the trial court the discretion to consider "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison," as now required by Miller, 567 U.S. at 480, we must reverse and remand for a new sentencing hearing.  See Atwell v. State, 197 So. 3d 1040, 1050 (Fla. 2016) (holding that "[t]he only way to correct [the juvenile]'s sentence, consistent with this Court's case law in Horsley[ v. State, 160 So. 3d 393 (Fla. 2015)], is to resentence [the juvenile] in conformance with chapter 2014-220, Laws of Florida"); Wells v. State, 208 So. 3d 1235, 1236 (Fla. 2d DCA 2017) (same).  On remand, Johnson is entitled to the full panoply of rights necessary at a resentencing.

Reversed and remanded for resentencing.


SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.